IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:01-00011-06

**GRACIE FLOSSIE SPRY**

### MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to modify sentence, the same document having been filed on June 2 and June 13, 2008, pursuant to 18 U.S.C. § 3582(c)(2). The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment. Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C.

§ 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The October 9, 2001, Statement of Reasons appended to the Judgment in this action reflects that the court found the defendant responsible for a total marijuana equivalency of 3,935.36 kilograms based on various quantities of cocaine and marijuana.  The presentence report ("PSR") reflects that cocaine base was neither the subject of the offense of conviction nor included in calculating defendant's relevant conduct.  The retroactive amendments are limited to cocaine base.  See U.S.S.G. amend. 706, 711 (Nov. 1, 2007); United States Sentencing Commission, Amendments to the Sentencing Guidlines 70-85 (May 1, 2007) (stating "the problems associated with the 100-to-1 [cocaine base to cocaine powder] drug quantity ratio are so urgent and compelling that this amendment is promulgated as an interim measure to alleviate some of those problems.").

Inasmuch as cocaine base played no role in defendant's incarceration, she may not rely upon the retroactive amendment for modification of her sentence. See 18 U.S.C. § 3582(c)(2) ("The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). The defendant's motion is accordingly denied.

To the extent the defendant also seeks further relief, pursuant, inter alia, to Booker, it is ORDERED that her request be, and it hereby is, denied. See United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009).

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender and the United States Probation Office.

ENTER: June 30, 2009

_____
John T. Copenhaver, Jr.
United States District Judge